**SMITH, State Superintendent of Banks, v. FIRST NAT. BANK OF SIOUX CITY, IOWA.**

District Court, N. D. Iowa. May 31, 1927.

1. Banks and banking ⬅︎74—South Dakota bank cannot secure rediscounts to another bank, even as part agreement for secured loan from the other bank (Rev. Code S. D. 1919, § 8984, as amended by Laws S. D. 1919, c. 124).

Under Rev. Code S. D. 1919, § 8984, as amended by Laws S. D. 1919, c. 124, prohibiting a bank of that state from giving security, except for money borrowed, security given by it to another bank, to secure both a loan then obtained from the other bank and its obligation on account of notes which it had rediscounted to the other, is an invalid preference as regards the notes, though the loan was made conditional on security being given, not only for it, but for such notes.

2. Banks and banking ⬅︎134(1)—Indorsement by defendant bank on notes of insolvent bank of open account balance held conclusive application, in absence of showing of mistake or lack of authority.

Where, at the time a bank failed, it had a balance in its open account with defendant bank, to which it was indebted on secured notes and an unsecured claim, and defendant then, as it had a right to do, indorsed the amount thereof on such notes, such indorsement, in the absence of a showing that it was made without authority, or by mistake or error, was a conclusive application of the balance.

At Law. Action by Fred R. Smith, Superintendent of Banks, in charge of the Farmers' State Bank of Parker, S. D., against the First National Bank of Sioux City, Iowa. Decree for plaintiff.

E. E. Wagner, of Mitchell, S. D., for plaintiff.

Shull, Stilwill, Shull & Wadden, of Sioux City, Iowa, and Bielski & Elliott, of Sioux Falls, S. D., for defendant.

ELLIOTT, District Judge. The issues in re Fred R. Smith, Superintendent of Banks in Charge of the Farmers' State Bank of Parker, for Liquidation, v. First National Bank of Sioux City, Iowa, have been determined in favor of the plaintiff and against the defendant.

It appears without dispute that the collateral notes in controversy were pledged by the Parker bank to the Sioux City bank to secure two notes given by the former to the latter, one dated December 31, 1923, and the other dated January 15, 1924, for the sum of $15,000 each, both payable 90 days after date, and that both notes were given for money borrowed by the Parker bank from the Sioux City bank. Plaintiff demands possession of the collateral paper uncollected, over and above the amount due upon these two promissory notes, together with any cash that has been collected more than the sum necessary to pay these two notes and interest.

The record discloses that under date of December 31, 1923, when the first note for $15,000 was executed, an agreement was entered into whereby the said collateral paper was held as security for the loan evidenced by the two notes above referred to, and for all other obligations then owing or thereafter to become due from the Parker bank to the Sioux City bank. It appears that at the time of the execution of the note first referred to the Parker bank was indebted to the defendant bank on account of various notes theretofore rediscounted by the Parker bank to the defendant bank, amounting to $21,672, and that at the time of the rediscount of said notes the Parker bank undertook and promised and agreed with defendant bank to pay said notes so rediscounted promptly at maturity thereof, upon failure of the maker to pay the same; that as an inducement to the further extension of credit by defendant to said Parker bank this agreement, in writing, was made, in substance, that the various collateral notes above referred to should be held as collateral to the rediscounts, and as security to the defendant bank the Parker bank then and there agreed that such collaterals at that time or thereafter to be deliverd to the Sioux City bank should be held by it and applied on any or all of the indebtedness of the Parker bank.

It further appears that there was a balance in the Sioux City bank in the open account of and belonging to the Parker bank, at the time the Parker bank closed and was taken over by the superintendent of banks of the state of South Dakota for the purpose of liquidation. It is conceded that the amount on deposit was indorsed upon the promissory

notes above referred to, and I find nothing in the record upon which to base a finding that it was indorsed by one having no authority, or that it was by mistake or error. I have just filed a decision in re Mechanics & Metals National Bank of New York v. Smith, as Superintendent, etc., and the Sioux Falls Trust & Savings Bank, 21 F. (2d) 128, involving every question that is presented by the pleadings and record in this case. I will annex a copy of that decision hereto and file it in this case. [See case last above cited.]

[1] It may be urged that in the case at bar the securing of the rediscounts was considered at the time of advancing the money on the promissory notes above referred to, and that the loan was actually made by the Sioux City bank to the Parker bank, conditioned upon the securing of the rediscounts by the Parker bank with the collaterals that were deposited. I am convinced that this would constitute no defense to this action; that if it is conceded that the record discloses that this was all one transaction, and that the collateral was deposited to secure the money then advanced to the Parker bank, because of the deposit by the Parker bank of the collateral to secure the payment of the rediscount notes, it would not constitute a defense to this action. The purpose of the statute (Rev. Code, S. D. 1919, § 8984, as amended by Laws 1919, c. 124), as it has been interpreted by the Supreme Court of the state of South Dakota, is to preserve the assets of a South Dakota bank for the benefit of its depositors, and any transaction whereby the assets of a South Dakota state bank are transferred as security for an existing debt between the South Dakota bank and any creditor of the bank constitutes a preference, and by the statute of South Dakota is invalid. I am satisfied that, even if the Sioux City bank had included the amount due on these rediscount notes, and made that amount a part of the promissory notes delivered to the Sioux City bank upon the date or dates in question, the plaintiff could maintain this action for an accounting and surrender of all of the collateral notes taken to secure the pre-existing indebtedness, while the same would be valid as to the money immediately advanced to the Parker bank.

[2] The record discloses that the Sioux City bank indorsed the amount on deposit upon the promissory notes above referred to at the time, or soon after, the failure of the Parker bank, as the Sioux City bank had a perfect right to do, and in the absence of a showing that this indorsement was made without authority, or by mistake or error, that indorsement is conclusive.

It follows that plaintiff is entitled to judgment for the return of the collateral notes, and the proceeds of the collection of collateral notes over and above the amount of the principal and interest upon the two promissory notes for $15,000 each, after crediting thereon the amount upon deposit in the Sioux City bank at the time of the failure of the Parker bank.

You may prepare and forward proper decree, with an exception to defendant.